NICK I. IEZZA, SBN 128570
GLENN C. KELBLE, SBN 162935
**SPIWAK & IEZZA, LLP**
555 Marin Street, Suite 140
Thousand Oaks, CA 91360
Tel: (805) 777-1175
Fax: (805) 777-1168

Refer to File No. 408.0191

Attorneys for Sysco San Diego, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDAR SRECKOVIC,<br><br>    Debtor/Plaintiff,<br><br>v.<br><br>SYSCO SAN DIEGO, INC. and SAN DIEGO COUNTY SHERIFF<br><br>    Defendants. | Bankruptcy No.: 10-22631-MM7<br><br>AP No.: 11-90176-MM<br><br>Chapter 7<br><br>SYSCO SAN DIEGO, INC.'S ANSWER TO DEBTOR ALEKSANDAR SRECKOVIC'S COMPLAINT TO RECOVER MONIES AND SET ASIDE PREFERENTIAL TRANSFER |

    Defendant SYSCO SAN DIEGO, INC. ("Defendant") hereby answers Plaintiff's Complaint as follows:

    1.    Defendant admits the allegations contained in paragraph 1 of the Complaint.

    2.    Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 2 of the Complaint.

    3.    Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 3 of the Complaint.

    4.    Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 4 of the Complaint.

    5.    Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 5 of the Complaint.

6. Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 6 of the Complaint.

7. Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 7 of the Complaint.

8. Defendant is without information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every allegation in paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in paragraph 9 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

10. All of the alleged transfers alleged in the Complaint are subject to the ordinary course of business defense under 11 U.S.C. § 547 (c)(2) and therefore do no constitute a preference within the meaning of this section.

### SECOND AFFIRMATIVE DEFENSE

11. All of the alleged transfers alleged in the Complaint are subject to the defense of contemporaneous exchange under 11 U.S.C. § 547 (c)(1) and therefore do no constitute a preference within the meaning of this section.

### THIRD AFFIRMATIVE DEFENSE

12. All of the alleged transfers alleged in the Complaint are subject to the defense of new value under 11 U.S.C. § 547 (c)(4) and therefore do no constitute a preference within the meaning of this section.

### FOURTH AFFIRMATIVE DEFENSE

13. To the extent Defendant has received monies from the Debtor, the sum is not more than Defendant is entitled to receive as a secured creditor in this Chapter 7 proceeding.

## FIFTH AFFIRMATIVE DEFENSE

14. The claim of Plaintiff is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

15. The claim of Plaintiff is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

16. The claim of Plaintiff is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

17. The claim of Plaintiff is barred based on the doctrine of offset.

## NINTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred by consent.

## TENTH AFFIRMATIVE DEFENSE

19. The claim of Plaintiff is barred under 11 U.S.C. § 546.

## ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff is estopped by its own conduct from obtaining any relief from Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

21. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate. Defendant reserves the right to modify or supplement its affirmative defenses and allegations as appropriate.

1  WHEREFORE, Defendant prays that a judgment be entered by which Plaintiff takes nothing on
2  its Complaint, that Defendant recover its costs of defense, and for such other and further relief as the
3  court may deem just and proper.

4

5  DATED: May 2, 2011                    SPIWAK & IEZZA, LLP

6
7                                        By: _____
                                         NICK I. IEZZA
                                         Attorneys for Sysco San Diego, Inc.

Spiwak & Iezza, LLP
555 Marin Street, Suite 140
Thousand Oaks, CA 91360
(805) 777-1175

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
555 Marin Street, Suite 140
Thousand Oaks, CA 91360

A true and correct copy of the foregoing document described as  **Sysco San Diego, Inc.'s Answer to Complaint**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 2, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Larissa L. Lazarus - larissa@millerlegalcenter.com
Mark L. Miller - mark@millerlegalcenter.com
Timothy M. Barry - timothy.barry@sdcounty.ca.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On May 2, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Aleksander Sreckovic - 2656 Cranston Drive  Escondido, CA 92025  //  Attorneys for Plaintiff - Larissa L. Lazarus, Esq. Mark L. Miller, Esq. - 2341 Jefferson Street, #100  San Diego, CA 92110  //  San Diego County Sheriff's Department c/o Timothy M. Barry, Esq. - 1600 Pacific Highway, Room 355  San Diego, CA 92101  //  Hon. Margaret M. Mann - United States Bankruptcy Court - 325 West F Street  San Diego, CA 95404-6524

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 2, 2011 | Carol A. Kubesh | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE
F901331